# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

May 5, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**RAYMOND HARTLEY,**
**Claimant Below, Petitioner**

**vs.)    No. 16-0579**  (BOR Appeal No. 2051003)
(Claim No. 2014019903)

**EASTERN ASSOCIATED COAL, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Raymond Hartley, by Reginald Henry, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Eastern Associated Coal, LLC, by Henry Bowen, its attorney, filed a timely response.

The issue presented in the instant appeal is Mr. Hartley's request for an increased permanent partial disability award. On December 8, 2014, the claims administrator granted Mr. Hartley a 6% permanent partial disability award for bilateral carpal tunnel syndrome. The Office of Judges affirmed the December 8, 2014, claims administrator's decision in its Order dated December 9, 2015. This appeal arises from the Board of Review's Final Order dated May 20, 2016, in which the Board affirmed the December 9, 2015, Order of the Workers' Compensation Office of Judges. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Hartley filed an application for workers' compensation benefits in which he indicated that he developed bilateral carpal tunnel syndrome in the course of and resulting from his employment, and his claim was held compensable for bilateral carpal tunnel syndrome on March 24, 2014. Subsequently, orthopedic surgeon S. Brett Whitfield, M.D., performed bilateral carpal tunnel releases. Following the surgical procedures, Dr. Whitfield noted that Mr. Hartley's

1

symptoms associated with carpal tunnel syndrome improved. On September 18, 2014, during the course of a routine examination following the completion of the surgical procedures, Dr. Whitfield noted that Mr. Hartley began experiencing paresthesia in the right hand with associated elbow pain. Dr. Whitfield diagnosed clinically severe right cubital tunnel syndrome and recommended that Mr. Hartley undergo an electromyogram.[1]

On November 26, 2014, Saghir Mir, M.D., performed an independent medical evaluation for the purpose of determining the amount of permanent impairment arising from the compensable diagnosis of bilateral carpal tunnel syndrome. Dr. Mir also noted that Mr. Hartley is experiencing symptoms associated with ulnar radiculopathy in the right arm. He then applied the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993) and West Virginia Code of State Rules § 85-20-64.5 (2006) and opined that Mr. Hartley sustained 3% whole person impairment arising from each wrist as a result of bilateral carpal tunnel syndrome, for a total of 6% whole person impairment. The claims administrator granted Mr. Hartley a 6% permanent partial disability award based upon Dr. Mir's independent medical evaluation on December 8, 2014.

Additionally, Bruce Guberman, M.D., performed an independent medical evaluation on April 7, 2015. Dr. Guberman opined that Mr. Hartley currently exhibits signs of severe carpal tunnel syndrome in the right wrist. He utilized the American Medical Association's *Guides to the Evaluation of Permanent Impairment* and opined that Mr. Hartley sustained 11% whole person impairment as a result of carpal tunnel syndrome in the right wrist and 3% whole person impairment as a result of carpal tunnel syndrome in the left wrist, for a total of 14% whole person impairment.[2]

In its Order affirming the December 8, 2014, claims administrator's decision, the Office of Judges held that Mr. Hartley failed to demonstrate that he is entitled to an additional permanent partial disability award above the 6% award granted by the claims administrator for bilateral carpal tunnel syndrome. The Board of Review affirmed the reasoning and conclusions of the Office of Judges in its decision dated May 20, 2016. On appeal, Mr. Hartley asserts that the evidence of record demonstrates that he is entitled to an additional permanent partial disability award.[3]

The Office of Judges noted that both Dr. Mir and Dr. Guberman opined that Mr. Hartley sustained 3% whole person impairment as a result of carpal tunnel syndrome in the left wrist and, therefore, determined that the degree of permanent impairment arising from Mr. Hartley's carpal tunnel syndrome in the left wrist is not in dispute. Regarding the degree of permanent impairment arising from carpal tunnel syndrome in Mr. Hartley's right wrist, the Office of

---

[1] Cubital tunnel syndrome is not a compensable component of Mr. Hartley's claim.

[2] Dr. Guberman did not apply West Virginia Code of State Rules § 85-20-64.5 when arriving at his impairment recommendation.

[3] Eastern Associated Coal, LLC, asserts that the reasoning set forth in our recent decision in *Gill v. City of Charleston,* 236 W.Va. 737, 783 S.E.2d 857 (2016) is applicable to the instant appeal. However, we find that our reasoning set forth in *Gill* does not apply to the case at bar.

Judges found that Dr. Guberman's recommendation of 11% whole person impairment is not consistent with Mr. Hartley's medical record. Specifically, the Office of Judges found that neither Dr. Whitfield, Mr. Hartley's treating physician, nor Dr. Mir documented evidence of clinically significant right-sided carpal tunnel syndrome following the bilateral carpal tunnel release procedures. The Office of Judges further found that both Dr. Whitfield and Dr. Mir attributed the post-operative symptoms present in Mr. Hartley's right hand to non-compensable cubital tunnel syndrome. In that regard, the Office of Judges found that only Dr. Guberman determined that Mr. Hartley continues to experience symptoms of significant right-sided carpal tunnel syndrome. Moreover, the Office of Judges found that Dr. Guberman's conclusions are unreliable because he failed to apply West Virginia Code of State Rules § 85-20-64.5, which limits the maximum degree of permanent impairment allowable in carpal tunnel syndrome claims. Finally, the Office of Judges concluded that Dr. Mir's report represents the most accurate and reliable assessment of Mr. Hartley's degree of permanent impairment arising from bilateral carpal tunnel syndrome because Dr. Mir's report is consistent with the entirely of Mr. Hartley's medical record, and because Dr. Mir properly applied the American Medical Association's *Guides to the Evaluation of Permanent Impairment* and West Virginia Code of State Rules § 85-20-64.5. We agree with the reasoning and conclusions of the Office of Judges, as affirmed by the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: May 5, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker